United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH WHITE, et al.,<br>Plaintiffs,<br>v.<br>PAYPAL HOLDINGS INC, et al.,<br>Defendants. | Case No. 5:25-cv-04884-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 64 |

Honey is a browser extension that promises to search for and apply the "best" coupons or discount codes to whatever users are purchasing. Honey is owned by PayPal, and together they are the defendants in this action. This action is similar to an action recently dismissed by the Court. *Campbell v. Honey Sci., LLC*, No. 5:25-CV-02850-PCP, 2026 WL 1725892 (N.D. Cal. June 15, 2026). As in that case, plaintiffs in the instant action allege that instead of applying the "best" coupons, Honey "prioritizes coupon codes from Honey's partner merchants that exist elsewhere in the marketplace and, in some cases, excludes non-partner coupons from its searches."

Plaintiffs bring this action on behalf of all persons within the United States who used the Honey browser extension when completing an online purchase, along with eleven subclasses consisting of users within certain states and the District of Columbia. Defendants now move to dismiss the claims of plaintiffs Antonio Minichiello, Annabelle Regan, Caleb Brackney, and Abigail Roskind under Rules 12(b)(1) and 12(b)(6).[1] For the following reasons, the Court grants

[1] The Court previously granted defendants' motion to compel arbitration as to two named plaintiffs, *see White v. PayPal Holdings Inc.*, 821 F. Supp. 3d 1058, 1073 (N.D. Cal. 2026), and defendants are appealing the denial of that motion as to six of the other named plaintiffs. Defendants' motion challenges only the claims asserted by the plaintiffs who are not subject to that appeal and who have not been compelled to arbitrate their claims.

the Rule 12(b)(1) motion.

## LEGAL STANDARD

The Federal Rules require a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint does not do so, the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

A complaint that fails to establish a federal court's subject matter jurisdiction may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) challenge may be facial, contending that the complaint's allegations are insufficient to invoke federal jurisdiction, or factual, disputing the allegations that otherwise establish federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When considering a facial challenge, the Court must "take the allegations in the plaintiff's complaint as true." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a factual attack, a defendant "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in doing so rely on affidavits or any

other evidence properly brought before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

To establish standing in federal court, Article III of the Constitution requires a plaintiff to demonstrate "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). If the plaintiff's claim is one for which the court can offer no remedy, "there is no case or controversy for the federal court to resolve." *Id.* at 423 (citation omitted).

**ANALYSIS**

Defendants launch a facial challenge under Rule 12(b)(1), arguing that plaintiffs do not allege any non-speculative injury fairly traceable to the challenged conduct for two reasons: first, because plaintiffs fail to plausibly allege that better coupons were available to them, and second, because plaintiffs have not alleged that they saw or relied upon any of the alleged misstatements. "At the motion to dismiss stage, the bar to allege standing is not high." *Powers v. McDonough*, 713 F. Supp. 3d 695, 728 (C.D. Cal. 2023), *aff'd,* 163 F.4th 1162 (9th Cir. 2025) (citing *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011)). Nonetheless, plaintiffs fail to meet that bar.

Plaintiffs' complaint relies on a test search.[2] They ran a sample checkout at a website called "Princess Polly" using the browser extension. Honey applied the code HONEY66151, which provided the customer with a $10 discount on a $100 purchase. Plaintiffs then "[ran] a quick Google search for 'Princess Polly coupon code,'" revealing the code JULIA20, which provided a $20 discount on the same purchase. Plaintiffs rely on this test search theory to assert that there were better coupons available to them at the time of their purchases. But plaintiffs provide no additional information about their searches.

Named plaintiffs who represent a class must allege and show that they have personally been injured to establish their Article III standing. *Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 523 (9th Cir. 2023) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 n.6 (2016), *as*

[2] For the purposes of defendants' motion, the Court assumes the truth of the allegations in plaintiffs' complaint.

*revised* (May 24, 2016)). "[A]n abstract, theoretical concern" cannot establish a concrete injury as required by Article III. *Lake v. Fontes*, 83 F.4th 1199, 1203 (9th Cir. 2023) (citing *Pierce v. Ducey*, 965 F.3d 1085, 1089 (9th Cir. 2020)). Plaintiffs each downloaded and used the Honey browser extension, but they fail to allege that they personally were harmed by it. Plaintiffs' theory as pleaded alleges at most that it was *possible* that they were harmed by Honey. *Cf. Svenson v. Google Inc.*, No. 13-CV-04080-BLF, 2016 WL 8943301, at *10 (N.D. Cal. Dec. 21, 2016) ("[A] plaintiff still must show the *fact* of injury in order to have Article III standing. The potential availability of [ ] damages once an injury has been established does not satisfy Article III."). As Honey is a free browser extension, plaintiffs must plead that, because of defendants' misrepresentations, they paid more for products than they otherwise would have. While Plaintiffs' Princess Polly test case demonstrates that an individual who purchased that product in reliance on the Honey extension at the time of plaintiffs' test may have paid more than necessary, it does not demonstrate that plaintiffs themselves purchased products at a price higher than the price that would have been provided had they used the best discount code available at the time of their purchases. Without such an allegation, they fail to plead Article III standing. *See Larsen v. Trader Joe's Co.*, No. C 11-05188 SI, 2012 WL 5458396, at *1 (N.D. Cal. June 14, 2012) (accepting allegations that the "all natural" products contained synthetic ingredients but concluding that plaintiffs failed to allege Article III standing because they did not allege that they actually purchased the products); *cf. Mongalo v. Crocs, Inc.*, No. 24-CV-09037-TLT, 2025 WL 1725002, at *8 (N.D. Cal. June 20, 2025) (finding Article III standing where each plaintiff alleged that their Crocs shrank to the point where the shoes no longer fit).

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss under Rule 12(b)(1). Dismissal is with leave to amend. Any amended complaint must be filed within 35 days of the date of this Order. If no amended complaint is filed, Minichiello, Regan, Brackney, and Roskind's claims against defendants will be dismissed without further leave to amend.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: August 31, 2026

P. Casey Pitts
United States District Judge